Rehearing granted, January 23, 2007

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 04-4831**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SANDAKO MESHAWN BRANDON,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham.   James A. Beaty, Jr., District Judge.  (CR-02-193)

---

Submitted:  October 21, 2005      Decided:  November 21, 2005

---

Before WILKINSON, LUTTIG, and TRAXLER, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Christopher R. Clifton, GRACE, HOLTON, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, L. Patrick Auld, Assistant United States Attorneys, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Sandako Meshawn Brandon appeals his 360-month sentence imposed following remand from this court for one count of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2000), and one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a) (2000).[*]  We affirm.

Brandon first contends that the district court's finding that he qualified as a career offender was impermissibly based upon facts not alleged in the indictment or admitted to, in violation of his Sixth Amendment rights.  Because Brandon preserved this issue by objecting under <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), to being sentenced as a career offender, review is de novo.  <u>See</u> <u>United States v. Mackins</u>, 315 F.3d 399, 405 (4th Cir. 2003) (reviewing <u>Apprendi</u> claim).

In <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005), the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment.  The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. § 3553(b)(1) (West Supp. 2005) (requiring sentencing courts to impose a sentence within the applicable guideline range), and 18 U.S.C.A. § 3742(e) (West 2000 & Supp. 2005) (setting forth

---

[*]<u>See</u> <u>United States v. Brandon</u>, 363 F.3d 341 (4th Cir. 2004).

appellate standards of review for guideline issues), thereby making the guidelines advisory. <u>Booker</u>, 125 S. Ct. at 756-67.

Nevertheless, the Supreme Court reaffirmed its prior holding in <u>Apprendi</u> that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 125 S. Ct. at 756. This court has held that the application of the career offender enhancement falls within the exception for prior convictions where the facts are undisputed, making it unnecessary for the district court to engage in further fact finding about a prior conviction. <u>See</u> <u>United States v. Collins</u>, 412 F.3d 515, 521-23 (4th Cir. 2005); <u>see also</u> <u>Shepard v. United States</u>, 125 S. Ct. 1254 (2005) (holding that a court's inquiry as to disputed facts in connection with a prior conviction is limited to the terms of the charging document, a plea agreement, a transcript of the plea colloquy, or a comparable judicial record). Accordingly, Brandon's claim must fail.

Moreover, we reject Brandon's contention that under <u>Booker</u>, the district court violated his Sixth Amendment rights by making impermissible factual findings in determining his criminal history category. In <u>Shepard</u>, the Supreme Court recognized that the prior conviction exception survived <u>Booker</u>, but held the Sixth

Amendment protections apply to "a disputed fact . . . about a prior conviction." Shepard, 125 S. Ct. at 1262. However, instead of challenging the accuracy or the "fact" of his prior convictions, Brandon asserts that the increase required more than just judicial notice of the "fact" of the prior convictions because the district court had to consider the type of conviction and whether it qualified as a violent felony, the length and type of sentence imposed, and recency of the prior convictions in relation to the instant offense. We find however, that the district court only had to take judicial notice that Brandon had been convicted and when the conviction occurred, both facts that are a matter of public record and require no interpretation.

Accordingly, we hold that the district court's recognition of the existence of Brandon's prior convictions and assessment of the timing of those convictions was not in violation of his Sixth Amendment rights. Id.; United States v. Washington, 404 F.3d 834 (4th Cir. 2005). We therefore affirm Brandon's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

- 4 -