Vacated by Supreme Court, November 1, 2010

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4639**

UNITED STATES OF AMERICA,

         Plaintiff - Appellee,

   v.

SANDAKO MESHAWN BRANDON,

         Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. James A. Beaty, Jr., Chief District Judge. (1:02-cr-00193-JAB-1)

Submitted: April 16, 2010          Decided: April 30, 2010

Before TRAXLER, Chief Judge, WILKINSON, Circuit Judge, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, TISDALE & CLIFTON, P.A., Winston-Salem, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Sandra J. Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sandako Meshawn Brandon was indicted on one count of conspiracy to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846 (2006), and distribution of 116.8 grams of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Following a jury trial, Brandon was sentenced to 262 months' imprisonment. On appeal in 2004, we affirmed Brandon's conviction, but remanded to the district court for resentencing as a career offender. United States v. Brandon, 363 F.3d 341 (4th Cir. 2004). On remand, the district court sentenced Brandon to 360 months' imprisonment. We affirmed, United States v. Brandon, 153 Fed. App'x 245 (4th Cir. Nov. 21, 2005); however, upon Brandon's filing of a rehearing petition, we again vacated and remanded for resentencing. United States v. Brandon, 214 Fed. App'x 315 (4th Cir. Jan. 23, 2007). On remand, the district court reduced Brandon's sentence to 294 months. Brandon appealed a third time and we remanded to the district court for resentencing in light of Kimbrough v. United States, 552 U.S. 85 (2007). The district court further reduced Brandon's sentence to 240 months' imprisonment. On appeal, counsel raises two intertwined arguments: that Brandon was improperly designated a career offender and that the district court erred in imposing the 240-

2

month sentence rather than a sentence eliminating the crack-to-powder disparity. Finding no reversible error, we affirm.

A defendant is designated a career offender if: (1) he was at least eighteen years old at the time of the instant offense; (2) the instant offense is a felony crime of violence or controlled substance offense; and (3) he "has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1(a) (2002). The prior offenses must be punishable by a term of imprisonment greater than one year. USSG § 4B1.2(a). A crime is punishable by a term greater than one year "if *any* defendant charged with that crime would receive a sentence of more than one year," which requires us to "consider the maximum *aggravated* sentence that could be imposed for that crime upon a defendant with the worst possible criminal history." United States v. Harp, 406 F.3d 242, 246 (4th Cir. 2005).

In 1997, Brandon was convicted in North Carolina state court of common law robbery, which Brandon does not dispute was a crime of violence, and was sentenced to eleven to fourteen months' imprisonment, suspended. In 1998, Brandon was convicted of possession with intent to distribute a Schedule II controlled substance and was sentenced to eight to ten months' imprisonment. However, that conviction is a Class H felony, see

3

N.C. Gen. Stat. § 90-95(b)(1) (2007), and is thus punishable by a maximum aggravated sentence of thirty months' imprisonment. N.C. Gen. Stat. § 15A-1340.17(c), (d) (2007). Therefore, Brandon has been convicted of the requisite two predicate offenses qualifying him as a career offender.

Counsel argues, however, that the 1998 conviction is not a predicate offense because Brandon was sentenced to less than a year imprisonment. While acknowledging that Harp is the law of the circuit, counsel argues that the court should revisit that decision in light of the Sixth Circuit's recent decision in United States v. Pruitt, 545 F.3d 416 (6th Cir. 2008).[*] However, "a panel of this court cannot overrule, explicitly or implicitly, the precedent set by a prior panel of this court. Only the Supreme Court or this court sitting *en banc* can do that." Scotts Co. v. United Industries Corp., 315 F.3d 264, 271 n.2 (4th Cir. 2002) (internal quotation marks omitted). Clearly, then, we may not revisit Harp based on the Sixth Circuit's contrary, non-binding, position.

---

[*] In Pruitt, the Sixth Circuit, in assessing whether the defendant's North Carolina convictions were punishable by more than one year imprisonment, found that United States v. Rodriquez, ___ U.S. ___, 128 S. Ct. 1783 (2008), "persuades us that it is necessary to consider the defendant's particular prior record level – and not merely the worst prior record level." 545 F.3d at 424.

4

Counsel's remaining argument, that the district court failed to consider the sentencing disparity between crack and powder cocaine in sentencing Brandon to 240 months' imprisonment, is also meritless. As discussed above, Brandon has a prior felony drug conviction, which mandates a twenty-year minimum sentence. 21 U.S.C. § 841(b)(1)(A). Neither Kimbrough nor United States v. Spears, 129 S. Ct. 840 (2009), gives the district court authority to depart below the statutory mandatory minimum. Moreover, the Government has not moved to allow the district court to impose a sentence below the statutory mandatory minimum; thus, the district court had no authority to depart below the minimum sentence. 18 U.S.C. § 3553(e) (2006); Melendez v. United States, 518 U.S. 120, 125-26 (1996).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED