**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4639**

UNITED STATES OF AMERICA,

               Plaintiff – Appellee,

     v.

SANDAKO MESHAWN BRANDON,

               Defendant – Appellant.

On Remand from the Supreme Court of the United States.
(S. Ct. No. 10-5706)

Submitted: September 29, 2011      Decided: October 5, 2011

Before TRAXLER, Chief Judge, WILKINSON, Circuit Judge, and
HAMILTON, Senior Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Christopher R. Clifton, GRACE, TISDALE & CLIFTON, P.A., Winston-
Salem, North Carolina, for Appellant.  Anna Mills Wagoner,
United States Attorney, Sandra J. Hairston, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Sandako Meshawn Brandon of conspiracy to distribute cocaine base, in violation of 21 U.S.C. § 846 (2006), and distribution of cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(A) (West 1999 & Supp. 2011). We affirmed the district court's 240-month sentence on the basis of United States v. Harp, 406 F.3d 242 (4th Cir. 2005). United States v. Brandon, 376 F. App'x 343 (4th Cir. 2010). The Supreme Court vacated our opinion and remanded the case for further consideration in light of Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010). Brandon v. United States, 131 S. Ct. 508 (2010). We vacate Brandon's sentence and remand for resentencing.

Brandon argues that the district court improperly sentenced him as a career offender because the prior controlled substance offense on which that classification was based was not punishable by more than one year of imprisonment under North Carolina law.[1] See N.C. Gen. Stat. § 15A-1340.17(c)-(d) (2007).[2] When Brandon raised this argument in the district court, it was foreclosed by our decision in Harp, 406 F.3d at 242.

---

[1] Brandon does not dispute that he has been convicted of a predicate crime of violence.

[2] The statute subsequently was amended, but the amendments do not apply to Brandon.

Subsequently, however, we overruled <u>Harp</u> with our en banc decision in <u>United States v. Simmons</u>, 649 F.3d 237 (4th Cir. 2011) (en banc), in which the defendant raised the same argument.  In view of <u>Simmons</u>, we vacate Brandon's sentence and remand the case to the district court for resentencing.[3]

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>VACATED AND REMANDED</u>

---

[3] Because Brandon is entitled to resentencing under <u>Simmons</u>, we decline to address his additional argument that he is entitled to resentencing to eliminate the crack/powder sentencing disparity.

3